CASE NOS. 24-2332, 24-2351

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

STATE OF MISSOURI, et al.,

*Plaintiffs-Cross-Appellants*,

v.

JOSEPH R. BIDEN, JR., in his official capacity as the President of the United States of America, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Missouri
The Honorable District Court Judge John A. Ross
Case No. 4:24-cv-520-JAR

# EMERGENCY MOTION FOR ADMINISTRATIVE STAY PENDING RULING ON MOTION FOR INJUNCTION PENDING APPEAL

ANDREW BAILEY
  *Attorney General of Missouri*
JOSHUA M. DIVINE
  *Solicitor General*
REED C. DEMPSEY
  *Deputy Solicitor General*
SAMUEL FREEDLUND
  *Deputy Solicitor General*
ATTORNEY GENERAL'S OFFICE
Post Office Box 899
Jefferson City, MO 65102
(573) 751-1800
josh.divine@ago.mo.gov

Just ten days after the Supreme Court struck down Defendants' first unlawful attempt to mass cancel $430 billion in student loan debt, Defendants rolled out their Plan B, which they call the "SAVE" plan. This new plan carries an even *higher* price tag—$475 billion—and relies on even weaker statutory text. As this Court did last time Defendants tried to mass cancel loans, this Court should enter an immediate administrative stay blocking Defendants from continuing to unlawfully forgive student loans. *See* Order granting administrative stay, *Nebraska v. Biden*, No. 22-3179 (8th Cir. Oct. 21, 2022).[1]

**1.** The district court properly concluded that the States in this action have standing to challenge Defendants' second attempt at mass loan forgiveness and that Defendants' actions are unlawful. The district court thus preliminarily enjoined the forgiveness portion of the SAVE plan. R. Doc. 35 (App.395).

But then in a brazen attempt to unlawfully evade that injunction, Defendants immediately rolled out a new, *third* attempt at mass forgiveness—all without notice and comment or even publication in the

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.moed.198213/gov.uscourts.moed.198213.53.0.pdf

1

Federal Register. The district court here preliminarily enjoined the parts of the SAVE plan that purport to authorize forgiveness. But the district court (wrongly) did not enjoin the parts of that regulation that slash payment amounts to zero for millions of borrowers. So Defendants decided to slice and dice different regulations to create a brand new "hybrid" repayment plan that no borrower has ever been on before. They combined the zero-dollar payment provision from the SAVE plan regulation with a forgiveness provision from a 2015 regulation called "REPAYE." R. Doc. 52 at 2 (App.478). The result is strikingly similar to Defendants' actions that the district court preliminarily enjoined.

The problems with this attempt are immediately apparent. Start first with the fact that the REPAYE regulation no longer exists. By Defendants' own admission, the new SAVE plan "fully replace[d]" the older REPAYE plan. *Id.* As Defendants state on their website, "The SAVE Plan replaced the Revised Pay As You Earn (REPAYE) Plan." *SAVE Plan Announcement* (last visited July 11, 2024).[2] The district court recognized this too: "The Final Rule creates a new income-driven repayment ('IDR') plan—referred to as the Savings on Valuable

---

[2] https://studentaid.gov/announcements-events/save-plan

Education ('SAVE') plan—to *replace* the Revised Pay-As-You-Earn ('REPAYE') plan." R. Doc. 35, at 1 (App.395) (emphasis added).

Next, while Defendants half-heartedly claim that they have reverted borrowers to a "preexisting" plan (that no longer exists), nobody has ever been on this plan before. The Secretary is authorized to promulgate repayment plans (so long as the repayment plans follow the statute). But Defendants created this plan two weeks ago in response to the preliminary injunction. R. Doc. 52 at 4–5, 9 (App.480–81). Nobody has ever received the benefit of REPAYE forgiveness plus the payment amounts under SAVE. Persons who used to be on the now-defunct REPAYE plan, for example, had much higher payment amounts. Defendants cannot mix-and-match different provisions from different repayment plans into a new "hybrid" plan without notice and comment.

Then consider that the REPAYE plan, when it used to exist, relied on the same exact statutory authority that the district court here said does not authorize loan forgiveness. Defendants' new hybrid rule is thus brazenly unlawful for three reasons: it is (1) a transparent attempt to evade a preliminary injunction by (2) creating a new regulation without

3

notice and comment that (3) purports to forgive loans based on a statute the district court declared does not authorize forgiveness.

When the States moved to block this new "hybrid" regulation, the district court declined on the ground that the district court interpreted the States' complaint to apply only to the July 2023 SAVE regulation. R. Doc. 54 (App.498). But of course when the States filed their complaint, Defendants had not yet created this new hybrid regulation. Defendants did that to evade the preliminary injunction.

The result of the district court's inaction is that Defendants get to continue unlawfully forgiving student loans to the tune of nearly $500 billion. And if the States amend their complaint and go through the process of challenging this new regulation, Defendants will just create yet another new regulation again. The States should not be forced to play whack-a-mole where Defendants immediately try to evade a preliminary injunction by unlawfully and immediately creating new regulations without notice and comment.

**2.** As this Court did in *Nebraska v. Biden*, this Court should grant an immediate administrative stay in order to consider the States' motion for in injunction pending appeal, which the States are concurrently filing.

For the reasons stated in that motion, the States are highly likely to prevail on appeal. The district court has *already* concluded that Defendants lack statutory authority to forgive loans, yet they have relied on the same exact statute to promulgate—without notice and comment—a new rule to do the same thing and evade the injunction.

The States also challenge other issues where the district court declined to enjoin Defendants' actions. For example, the district court declined to enjoin Defendants' decision to slash payments on student loans to $0 for millions of borrowers. Given the district court's (correct) conclusion that Defendants have no authority to forgive loans, Defendants obviously must set repayment amounts high enough so that borrowers actually repay their loans.

The equities support this request. As this Court previously held, unlawful loan forgiveness creates an "irreversible impact," making the "equities strongly favor an injunction." *Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022). Indeed, the equities more strongly favor the States than last time this Court granted an administrative stay in response to a mass cancellation attempt. Every day that passes, Defendants are already unlawfully cancelling loans. As of early April, they have already

illegally cancelled $4.8 billion. *Biden-Harris Administration Announces Additional $7.4 Billion in Approved Student Debt Relief for 277,000 Borrowers*, U.S. Dep't of Ed. (Apr. 12, 2024) (reflecting "$4.8 billion for almost 360,000 borrowers" under this rule).[3] That number has increased every day, and as the district court rightly concluded, Defendants have no authority to do any of this.

In contrast, Defendants have no interest in continuing to act unlawfully, and borrowers will not be harmed by an administrative stay. In fact, Defendants have paused interest accrual and payments for borrowers enrolled in the July 2023 plan and new "hybrid" plan for at least this month. Thus these borrowers' payment obligations will not be affected by this Court granting an administrative stay—blocking immediate forgiveness—while this Court considers the motion for an injunction pending appeal.

## CONCLUSION

Just as this Court did last time Defendants tried to mass cancel nearly $500 billion in student loan debt, this Court should enter an

---

[3] https://www.ed.gov/news/press-releases/biden-harris-administration-announces-additional-74-billion-approved-student-debt-relief-277000-borrowers

6

immediate administrative stay of Defendants' actions. The States respectfully request that the Court maintain the status quo by immediately entering an administrative stay that prohibits Defendants from continuing to forgive principal or interest for borrowers enrolled in the "SAVE" plan or the new "hybrid" plan, or by otherwise using authority under 20 U.S.C. § 1087e(d)(1)(D).

Dated: July 12, 2024

Respectfully submitted,

*/s/ Joshua M. Divine*
Joshua M. Divine

TIM GRIFFIN
   *Attorney General of Arkansas*
NICHOLAS J. BRONNI
   *Solicitor General*
DYLAN L. JACOBS
   *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

ASHLEY MOODY
   *Attorney General of Florida*
JAMES H. PERCIVAL
   *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
james.percival@myfloridalegal.com

DREW H. WRIGLEY
   *Attorney General of North Dakota*
PHILIP AXT
   *Solicitor General*
Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

ANDREW BAILEY
   *Attorney General of Missouri*
JOSHUA M. DIVINE, #69875MO
   *Solicitor General*
REED C. DEMPSEY #1697941DC
   *Deputy Solicitor General*
SAMUEL FREEDLUND, #73707MO
   *Deputy Solicitor General*
MISSOURI ATTORNEY GENERAL'S OFFICE
Post Office Box 899
Jefferson City, MO 65102
(573) 751-1800
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov
samuel.freeland@ago.mo.gov

CHRISTOPHER M. CARR
   *Attorney General of Georgia*
STEPHEN J. PETRANY
   *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

Dave Yost
   *Attorney General of Ohio*
T. Elliot Gaiser
   *Solicitor General*
Mathura J. Sridharan
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

Gentner Drummond
   *Attorney General*
Garry M. Gaskins, II
   *Solicitor General*
Office of the Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,178 words as determined by the word-counting feature of Microsoft Word 2016.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point proportionally spaced Century Schoolbook font.

And this motion complies with the electronic-filing requirements of Local Rule 28A(h)(2) because it was scanned for viruses using Windows Defender and no virus was detected.

*/s/ Joshua M. Divine*
Joshua M. Divine

## CERTIFICATE OF SERVICE

I certify that on July 12, 2024, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. *See* Fed. R. App. P. 25(c)(2).

*/s/ Joshua M. Divine*
Joshua M. Divine
