## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

STATE OF MISSOURI, et al.,

*Plaintiffs-Cross-Appellants,*

v.

JOSEPH R. BIDEN, JR., in his official capacity as the President of the
United States of America, et al.,

*Defendants-Cross-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Missouri
The Honorable District Court Judge John A. Ross
Case No. 4:24-cv-520-JAR

## REPLY IN SUPPORT OF EMERGENCY MOTION FOR
## ADMINISTRATIVE STAY PENDING RULING ON MOTION FOR
## INJUNCTION PENDING APPEAL

ANDREW BAILEY
  *Attorney General of Missouri*
JOSHUA M. DIVINE
  *Solicitor General*
REED C. DEMPSEY
  *Deputy Solicitor General*
SAMUEL FREEDLUND
  *Deputy Solicitor General*
ATTORNEY GENERAL'S OFFICE
Post Office Box 899
Jefferson City, MO 65102
(573) 751-8870
josh.divine@ago.mo.gov

The States reply to several inaccuracies pressed by Defendants' opposition to the motion for an administrative stay.

**1.** First, unable to deny that the SAVE plan "fully replace[d]" the REPAYE plan or that they are continuing to forgive loans using a statute that the district court declared does *not* authorize forgiveness, Defendants are forced to misrepresent the States' previous filings. They now say (at 6–7) that the States challenged only the forgiveness provisions in SAVE that *differ* from the forgiveness provisions in REPAYE, rather than all the ICR forgiveness provisions in SAVE. Because REPAYE purported to authorize forgiveness between 20 and 25 years, they say this part of the Final Rule was unchallenged.

That is demonstrably false. The SAVE plan describes itself as an "umbrella" regulation that "combin[es]" previous plans and then makes changes. 88 Fed. Reg. 43,820. The States challenged *all* ICR forgiveness provisions of the Final Rule, not just those provisions that differ from the previous rules that were streamlined into this new umbrella rule. *E.g.*, R. Doc. 1 at 60 (App.60); R. Doc. 26, at 61 (App.365). And as Defendants admit in their opposition brief (at 8), the court enjoined "those provisions of the SAVE plan that permit loan forgiveness"—*all* those provisions.

1

The text of the Final Rule reveals exactly what Defendants challenged and what the district court enjoined. The SAVE plan has three forgiveness provisions—25-year forgiveness, 20-year forgiveness, and forgiveness between 10 and 19 years—all of which were challenged:

(1) 25-year forgiveness for borrowers "repaying at least one loan received for graduate or professional study" or "repaying under the [original 1994] ICR plan"

(2) 20-year forgiveness for borrowers "repaying only loans received for undergraduate study"; and

(3) 10-year to 19-year forgiveness for borrowers "repaying only loans received for undergraduate study" who had original principal balances of between $12,000 and $22,000.

88 Fed. Reg. 43,902–03 (amending 34 C.F.R. § 685.209); *see also* See 88 Fed. Reg. 43,856 (noting that 20-year and 25-year forgiveness are provisions under the SAVE plan).

By challenging the entire Final Rule, the States challenged *all* these ICR forgiveness provisions and received an order that "enjoined [Defendants] from *any* further loan forgiveness for borrowers under the Final Rule's SAVE plan." R. Doc. 35, at 61 (emphasis added) (App.455).

True, the 20-year and 25-year forgiveness provisions carried over from previous plans (such as the original 1994 plan and the REPAYE plan). But they became part of the SAVE plan, which Defendants

themselves say is a plan to "combin[e]" and streamline previous ICR plans under one "umbrella" regulation and make changes. 88 Fed. Reg. 43,820. When the States challenged the SAVE plan, they challenged *all* the ICR forgiveness provisions within this new umbrella regulation, not just the provision for forgiveness between 10 and 19 years. That means, for example, that Defendants can no longer offer 25-year forgiveness for borrowers who are "repaying under the [original 1994] ICR plan" or for borrowers "repaying at least one loan received for graduate or professional study." 88 Fed. Reg. 43,902–03 (amending 34 C.F.R. § 685.209). Defendants are thus wrong to contend that the States challenged (and the district court enjoined) only forgiveness between 10 and 19 years. And they are wrong to contend (at 7) that previous ICR forgiveness authority "remain[s] in effect." Defendants challenged all forgiveness provisions within this new, streamlined "umbrella" regulation.

That explains why Defendants' trial team—with different lawyers—tried to present their current forgiveness actions as (in their own words) a "hybrid" plan different from any previous plan. R. Doc. 52 at 2, 4–5, 9 (App.478–485). Defendants' attorneys on appeal correctly see

that this new "hybrid" plan obviously violates notice-and-comment requirements, so they have switched strategies and are now contending that the 20-year and 25-year forgiveness provisions are not part of the SAVE rule or were not challenged. The record easily defeats that contention.

In sum, Defendants chose to streamline previous plans under one "umbrella" regulation. Some of these provisions were new; some carried over from previous regulations. But the States challenged *all* ICR forgiveness provisions in this regulation. Defendants are thus on the horns of a dilemma: they must either present their current actions as a new plan that is unlawful because it did not go through notice and comment, or they must acknowledge that they are forgiving loans under regulatory provisions that the district court preliminarily enjoined.

**2.** Next, Defendants say (at 9) that the States "waited well over two weeks" to seek emergency relief. That is demonstrably false. The States sought relief two *days*, not two weeks, after the district court's action. In the afternoon of July 10, the district court rejected the States' request for an injunction pending appeal against Defendants' decision to continue

forgiveness between 20 and 25 years. R. Doc. 54 (App.498). The States moved for relief in this Court less than two days later.

Perhaps Defendants think the States should have immediately moved for emergency relief when the district court rejected their motion for injunction pending appeal with respect to the payment amounts and forgiveness of monthly interest. But on the very same day the district court rejected the States' motion, Defendants announced they were continuing to forgive loans between 20 and 25 years. R. Doc. 44. The States thus had to first seek relief in the district court over *that* issue before presenting a motion to this Court, which the States did immediately. For example, the States could not know the effect of the district court's decision with respect to the payment amounts until the States learned of the district court's decision with respect to forgiveness because payment amounts and forgiveness are necessarily intertwined.

**3.** Defendants oddly contend (at 10) that the States "cannot plausibly" argue any harm from the payment amounts. Among other things, they simply ignore that these amounts induce individuals to refinance their MOHELA-held loans, thus depriving MOHELA of an interest-income revenue stream. That harm is explained at pages 26 and

27 of the States' motion for an injunction pending appeal and thoroughly in the district court briefing. *E.g.*, R. Doc. 1 at 30–31 (App.30–31); R. Doc. 10 at 23–25 (App.188–90); R. Doc. 22 at 22–24 (App.326–28). Defendants simply ignore all of this.

## CONCLUSION

Just as this Court did last time Defendants tried to mass cancel nearly $500 billion in student loan debt, this Court should enter an immediate administrative stay of Defendants' actions to prevent millions of dollars in irreparable harm.

Dated: July 13, 2024

Respectfully submitted,

*/s/ Joshua M. Divine*
Joshua M. Divine

TIM GRIFFIN
 *Attorney General of Arkansas*
NICHOLAS J. BRONNI
 *Solicitor General*
DYLAN L. JACOBS
 *Deputy Solicitor General*
Office of the Arkansas Attorney
General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

ASHLEY MOODY
 *Attorney General of Florida*
JAMES H. PERCIVAL
 *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
james.percival@myfloridalegal.com

DREW H. WRIGLEY
 *Attorney General of North Dakota*
PHILIP AXT
 *Solicitor General*
Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

ANDREW BAILEY
 *Attorney General of Missouri*
JOSHUA M. DIVINE, #69875MO
 *Solicitor General*
REED C. DEMPSEY #1697941DC
 *Deputy Solicitor General*
SAMUEL FREEDLUND, #73707MO
 *Deputy Solicitor General*
MISSOURI ATTORNEY GENERAL'S
OFFICE
Post Office Box 899
Jefferson City, MO 65102
(573) 751-1800
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov
samuel.freeland@ago.mo.gov

CHRISTOPHER M. CARR
 *Attorney General of Georgia*
STEPHEN J. PETRANY
 *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

Dave Yost
  *Attorney General of Ohio*
T. Elliot Gaiser
  *Solicitor General*
Mathura J. Sridharan
  *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

Gentner Drummond
  *Attorney General*
Garry M. Gaskins, II
  *Solicitor General*
Office of the Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,082 words as determined by the word-counting feature of Microsoft Word 2016.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point proportionally spaced Century Schoolbook font.

And this motion complies with the electronic-filing requirements of Local Rule 28A(h)(2) because it was scanned for viruses using Windows Defender and no virus was detected.

*/s/ Joshua M. Divine*
Joshua M. Divine

## CERTIFICATE OF SERVICE

I certify that on July 13, 2024, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. *See* Fed. R. App. P. 25(c)(2).

*/s/ Joshua M. Divine*
Joshua M. Divine