# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

STATE OF MISSOURI, et al.,
    *Plaintiffs-Appellees / Cross-Appellants,*

v.

JOSEPH R. BIDEN, JR., et al.,
    *Defendants-Appellants / Cross-Appellees.*

Nos. 24-2332,
24-2351

## UNOPPOSED MOTION TO EXPEDITE

Appellants / Cross-Appellees (collectively, the Department of Education) respectfully move to expedite these appeals involving a rule that makes changes to the Department of Education's income-contingent repayment plans for student loans. On August 22, 2024, the Tenth Circuit abated its own proceedings involving the same rule in light of the nationwide injunction pending appeal entered by this Court. *See* Order at 2, *Alaska v. U.S. Dep't of Educ.*, Nos. 24-3089, 24-3094 (10th Cir. Aug. 22, 2024). On August 28, 2024, the Supreme Court denied the Department's application to vacate that injunction. Order, *Biden v. Missouri*, No. 24A173 (U.S. Aug. 28, 2024). The Supreme Court's order indicated that it expects

this Court "will render its decision with appropriate dispatch." *Id.* The Department understands that order to contemplate this Court rendering a decision in time for the Supreme Court to be able to review that decision during its upcoming Term beginning in October 2024; otherwise, the Supreme Court's final resolution of this matter would likely be delayed until sometime in 2026.

To ensure that the Supreme Court has the ability to review a decision by this Court during the Supreme Court's upcoming Term, the Department respectfully requests that the Court enter a briefing schedule with the following deadlines:

- Second Brief of Appellees / Cross-Appellants: **September 18, 2024**
- Third Brief of Appellants / Cross-Appellees: **October 2, 2024**
- Fourth Brief of Cross-Appellants: **October 15, 2024**

The Department further requests that, if the Court decides to hear oral argument in this case, it schedule argument for the earliest

2

opportunity following the conclusion of briefing, which the Department understands to be the Court's sitting on October 21-25, 2024.

The Department also respectfully asks that this Court render a decision within 30 days after oral argument (or by November 25, 2024). A decision during that timeframe would allow the losing party to file, on a highly expedited basis, a petition for a writ of certiorari that the Supreme Court would be able to consider at its conference on January 24, 2025. If the Supreme Court decided to grant review, it could then set the case for oral argument during the Court's final sitting of the Term in April.

Appellees / Cross-Appellants have indicated that they do not oppose this motion.

Respectfully submitted,

MICHAEL S. RAAB
THOMAS PULHAM
 /s/ *Simon C. Brewer*
SIMON C. BREWER
SARAH N. SMITH
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., Room 7529*
*Washington, D.C. 20530*
*(202) 616-5367*

SEPTEMBER 2024

4

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 373 words, according to the word count of Microsoft Word.

/s/ *Simon C. Brewer*
Simon C. Brewer

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Simon C. Brewer*
Simon C. Brewer